IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dennis R. McGuire,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Gary Mohr, et al.,<br><br>　　　　Defendants. | CASE NO. 2:14-CV-00093<br><br>JUDGE Frost<br><br>MAGISTRATE JUDGE King |

### RULE 26(f) JOINT CONFERENCE REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a scheduling conference was conducted on Monday June 23, 2014. In the conference the parties discussed the scheduling issues as required under Federal Rules of Civil Procedure 16(b) and 26(f).

1.　Pursuant to F.R.Civ.P. 26(f), a meeting was held on June 23, 2014 and was attended by:

　　Nathan Stuckey, counsel for plaintiff(s) Dennis R. McGuire

　　Bridget C. Coontz, counsel for defendant(s) Gary Mohr, Donald Morgan, and Anonymous Execution Team Members 1-30

　　Sarah Pierce, counsel for defendant(s) Gary Mohr, Donald Morgan, and Anonymous Execution Team Members 1-30

　　Tiffany L. Carwile, counsel for defendant(s) Gary Mohr, Donald Morgan, and Anonymous Execution Team Members 1-30

　　Matthew A. Kairis, counsel for defendant(s) Hospira, Inc. and Hospira Worldwide, Inc.

<u>Aaron M. Healey</u>, counsel for defendant(s) <u>Hospira, Inc. and Hospira Worldwide, Inc.</u>

2. **Consent to Magistrate Judge.** The parties:

   ___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

   _X_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3. **Initial Disclosures.** The parties:

   ___ have exchanged the initial disclosures required by Rule 26(a)(1).

   ___ will exchange such disclosures by July 22, 2011.

   ___ are exempt from such disclosures under Rule 26(a)(1)(E).

   _X_ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

   a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

   **The State Defendants assert that as a matter of law this Court lacks jurisdiction over Plaintiff's state law claims. Further, Plaintiff lacks standing to seek the injunctive relief that he seeks. The State Defendants also intend to seek pre-answer resolution of their qualified immunity defense.**

   b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

   **None.**

   c. Recommended date for filing motions addressing jurisdiction and/or venue:

   **The State Defendants' 12(b)(1) motion will be filed in conjunction with its 12(b)(6) motion.**

5. **Amendments to Pleading and/or Joinder of Parties**

   a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: **Six (6) months after the initiation of discovery.**

    b.  If class action, recommended date for filing motion to certify the class:  **Not applicable in this case.**

6.    **Recommended Discovery Plan**

    a.  Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

**Plaintiff's claims arise from the execution of Dennis B. McGuire.  Plaintiff alleges that defendant state actors violated the decedent's constitutional rights, and also asserts claims for product liability against defendants Hospira, Inc. and Hospira Worldwide, Inc.  The parties agree that the topics for discovery will include the parties' claims and defenses, and damages**.

    b.  What changes should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

**The parties agree that the limitations of discovery set forth in Federal Rules of Civil Procedure and the Local Rules of this Court shall apply in this case.**

    c.  The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

**The parties are continuing to discuss ESI related issues.**

    d.  The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

**The parties agree that Fed. R. Evid. 502(d) shall apply.  Defendants are preparing a proposed a two-tiered confidentiality agreement.  The parties will review documents for privilege prior to production, but the proposed confidentiality agreement will include a provision permitting the parties to claw back inadvertently produced documents based on claims of privilege or work product protection.  The parties will work together to draft a written document that is mutually agreeable, and present it to the Court to have an appropriate Order entered.**

        i. Have the parties agreed on a procedure to assert such claims **AFTER** production?

        _  No

        _X_  Yes (See above.)

        __  Yes, and the parties ask that the Court include their agreement in an Order.

e. Identify the discovery, if any, which can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

**Defendants believe that discovery should be stayed pending the resolution of pre-answer dispositive motion practice and the resolution of the State Defendants' qualified immunity defense. The State Defendants' motion practice regarding qualified immunity will automatically stay discovery as to claims against them, and the parties agree that piecemeal discovery does not serve the interests of efficiency. Further, this case raises unique legal issues and questions of first impression in this Circuit and under Ohio law, including whether Judge Frost's prior ruling on the decedent's challenge to Ohio's execution protocol precludes this action, and whether Ohio law permits claims against a manufacturer of products used in executions performed by the State. Because the resolution of these and other issues will have a substantial impact on the scope and nature of any discovery, the parties agree that a stay of discovery serves the interests of justice and judicial efficiency, and preserves the parties' resources.**

**Plaintiff agrees to a stay of discovery provided that the parties are referred to mediation before a Southern District of Ohio mediator. Defendants agree to have the case reffered to mediation. (See 8).**

f. The parties have reached agreement that discovery should proceed in phases:

**Discovery will proceed in a single phase.**

g. Describe the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P. 26(a)(2):

**The parties expect that medical expert testimony will be required to address matters at issue in this case including causation and damages. Additionally, testimony on issues related to pharmaceutical product regulatory approvals and labeling may also be required. The parties anticipate that these experts will be specially retained within the meaning of F.R.Civ.P. 26(a)(2).**

   i. Recommended date for making primary expert designations:

**The parties contemplate making primary expert designations six (6) months after the initiation of discovery**

   ii. Recommended date for making rebuttal expert designations:

**The parties contemplate making rebuttal expert designations within forty-five (45) days after the designations of primary experts.**

h. Recommended discovery completion date:

- 5 -

        **The parties propose a discovery completion date eighteen (18) months following resolution of any pre-answer dispositive motion practice.**

7.    **Dispositive Motion(s)**

       a.   The recommended date for filing dispositive motions:

       **The deadline for dispositive motions shall be forty-five (45) days after the close of discovery.**

8.    **Settlement Discussions**

       **The parties have engaged in informal discussions about settlement issues, and will keep the Court apprised of any developments in that regard. The parties seek a referral to the Southern District of Ohio Alternative Dispute Resolution Administrator to set a date for mediation of this matter before a Southern District of Ohio mediator.**

       a.   Has a settlement demand been made?   See Above   A response? _____

       b.   Date by which a settlement demand can be made:   Open

       c.   Date by which a response can be made:   Open

9.    **Settlement Week Referral**

       **The parties do not agree to a settlement week referral at this time.**

10.   **Other matters for the Court's Attention**:

       **None**.

       **Agreed and Approved: July 1, 2014**

| | |
|---|---|
| s/ Nathaniel J. Stuckey (with permission) | s/ Matthew A. Kairis |
| Nathaniel J Stuckey (0086789)<br>Richard W Schulte (0066031)<br>812 East National Road<br>Vandalia, OH 45377<br>937-435-7500<br>Fax: 937-435-7511<br>Email: rschulte@legaldayton.com<br><br>Jon Paul Rion (0067020)<br>Rion and Rion LPA Inc<br>130 West Second Street<br>PO Box 10126<br>Suite 2150<br>Dayton, OH 45402<br>937-223-9133<br>Email: info@rionlaw.com<br><br>*Attorneys for Plaintiff Dennis R. McGuire, Individually and as Administrator of the Estate of Dennis B. McGuire* | Matthew A. Kairis (0055502)<br>  makairis@jonesday.com<br>Aaron M. Healey (0091709)<br>  ahealey@jonesday.com<br>JONES DAY<br>Street Address:<br>  325 John H. McConnell Blvd., Suite 600<br>  Columbus, OH  43215-2673<br>Mailing Address:<br>  P.O. Box 165017<br>  Columbus, OH  43216-5017<br>Telephone:  (614) 469-3939<br>Facsimile:   (614) 461-4198<br><br>*Attorneys for Defendant Hospira, Inc. and Hospira Worldwide, Inc.*<br><br>s/ Bridget C. Coontz (with permission)<br>Bridget C. Coontz (0072919)<br>Sarah E. Pierce (<br>Ohio Attorney General's Office<br>Constitutional Offices<br>30 East Broad Street, 16th Floor<br>Columbus, OH 43215<br>614-466-2872<br>Fax: 614-728-7592<br>Email: bridget.coontz@ohioattorneygeneral.gov<br>  sarah.pierce@ohioattorneygeneral.gov<br><br>*Attorneys for Defendants Gary Mohr, Donald Morgan, and Anonymous Execution Team Members #1-30* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2014, I electronically filed the foregoing Rule 26(f) Joint Conference Report with the Clerk of the U.S. District Court, United States Court for the Southern District of Ohio, Eastern Division using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail address on file with the Court.

                                            s/ Aaron M. Healey
                                            Aaron M. Healey
                                            *One of the attorneys for defendants Hospira,*
                                            *Inc. and Hospira Worldwide, Inc.*