FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS R. MCGUIRE, INDIVIDUALLY | : | Case No. 2:14-cv-00093 |
| Plaintiff, | : | JUDGE GREGORY L. FROST |
| -vs- | : | MAGISTRATE JUDGE MCCANN KING |
| GARY MOHR, et al. | : | |
| Defendants. | : | |

## MOTION TO STAY DISCOVERY

Defendants "Anonymous Execution Team Members 1-20", Warden Donald Morgan, and Director Gary Mohr (collectively "State Defendants") move to stay discovery in this case until the issue of qualified immunity is decided. The State Defendants will be filing a motion to dismiss on or before February 2, 2015, which will raise numerous defenses, including qualified immunity. For the reasons set forth in the attached memorandum in support of this motion, the State Defendants respectfully request that discovery be stayed.

Respectfully submitted,
MICHAEL DeWINE
Ohio Attorney General

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
SARAH E. PIERCE (0087799)
TIFFANY L. CARWILE (0082522)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad St., 16th Floor
Columbus, Ohio 43215
Phone: 614-466-7014 Fax: 614-752-6063
bridget.coontz@ohioattorneygeneral.gov
sarah.pierce@ohioattorneygeneral.gov
tiffany.carwile@ohioattorneygeneral.gov

*Counsel for State Defendants*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

As will be fully set out in the State Defendants' forthcoming motion to dismiss, the *Amended Complaint* filed in this case (Doc. 28) shares many of the same the fatal flaws as the initial *Complaint* (Doc. 1). Qualified immunity is but one basis on which it should be dismissed. And when, as here, immune Defendants are sued, discovery should be stayed so as to relieve them of the burden of engaging in unnecessary discovery.

**II.     LAW AND ARGUMENT**

While "[a] stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court, *Rother v. President and Bd. of Trustees of Ohio Univ.,* No. 2:08–cv–1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009) (citing *Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229 (6th Cir. 1981)), "it is black-letter law[] that if a defendant moves for dismissal on grounds of qualified immunity, the court must not only determine the issue at the earliest possible moment, but also stay discovery while the motion is under advisement," *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 230, 129 S.Ct. 808, 815 (2009)). Qualified immunity "not only protects a defendant from liability but may also protect a defendant from the burdens of trial *and discovery*." *English v. Dyke,* 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland,* 797 F.2d 297, 299 (6th Cir. 1986)) (emphasis added). Thus, "while the issue [of qualified immunity] is before the trial court or the case is on appeal, the court should stay discovery." *Id.*; *see also Siegert v. Gilley,* 500 U.S. 231 (1991) ("A stay of discovery is properly granted until the issue of immunity is resolved.")

As the United States Supreme Court has stated, "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be

better served by action taken 'with independence and without fear of consequences.'" *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 2738 (1982) (quoting *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1217 (1967)).  It is well-settled that "the 'consequences' with which [the Court was] concerned in *Harlow* are not limited to liability for money damages[.]" *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2816 (1985).  "Indeed, *Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Id.* (quoting *Harlow,* 457 U.S. at 817). Thus, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before* the commencement of discovery." *Id*. (citing *Harlow,* 457 U.S. at 818) (emphasis added).

Such is the case here.  The Plaintiff has failed to state a claim that any of the State Defendants violated clearly established law.  The State Defendants are therefore immune from suit and entitled to dismissal.  They should be similarly relieved of the burden of proceeding forward with discovery and a stay should be issued.

### A. The State Defendants are entitled to qualified immunity.

The issue of qualified immunity will be more fully briefed in the State Defendants' forthcoming motion to dismiss.  But its availability as a defense bears noting in this motion to stay.  Briefly, qualified immunity shields state officials from money damages unless a plaintiff pleads facts showing that (1) the official violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct.  *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).  "A [g]overnment official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that 'every reasonable official would have understood that what he is doing violates that right.'"  *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (quoting *Anderson v.*

3

*Creighton,* 483 U.S. 635, 640 (1987)). To defeat qualified immunity, the plaintiff need not point to a case "directly on point". *Id.* But, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

When determining whether a right is "clearly established", the United States Supreme Court has "repeatedly told courts…not to define clearly established law at a high level of generality." *Ashcroft*, 131 S.Ct. at 2084. That is, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Brosseau v. Haugen,* 125 S.Ct. 596, 599 (2004). The Sixth Circuit has cautioned that "[i]f a court does not carefully define the right, it risks collapsing the two qualified-immunity inquiries into one, permitting the constitutional violation inquiry *always* to answer the clearly established inquiry." *Hagans v. Franklin Cty. Sheriff's Ofc.,* 695 F.3d 505, 508 (6th Cir. 2012) (emphasis original). Thus, in *Hagans,* an excessive force case, the Sixth Circuit defined the right as "whether it was clearly established [on the date of the offense] that using a taser repeatedly on a suspect actively resisting arrest and refusing to be handcuffed amounted to excessive force. The answer is no." *Id.* at 509.

Plaintiff here bases his claims on the Eighth Amendment's prohibition against cruel and unusual punishment. (Am. Compl., Doc. 28, ¶ 134). Before his execution, Dennis B. McGuire moved for a stay of his execution on the same grounds. *In re Ohio Execution Protocol Litig.*, 994 F. Supp. 2d 906, 911 (S.D. Ohio 2014). At the hearing on his motion, Dennis McGuire presented the expert testimony of Dr. David Waisel and the State of Ohio presented the testimony of (now-Defendant) Dr. Mark Dershwitz. *Id*. at 912. At the conclusion of the evidence the Court held that, even assuming that the sensation of air hunger constitutes cruel and

4

unusual punishment in violation of the Eighth Amendment as McGuire alleged, he "failed to persuade that he is likely to experience this condition." *Id*. at 912-13.

It is that same condition, the sensation of air hunger, on which the Plaintiff bases his claims here. (Am. Compl., Doc. 28, ¶¶ 57-61). Notably, in denying the request for a stay of execution, the Court stated that it was "not conclusively hold[ing] [] that Ohio's method of execution practices are constitutional or unconstitutional." *In re Ohio Execution Protocol Litig*., 994 F. Supp. 2d at 914 . Rather, the Court concluded that Dennis B. McGuire had not met his burden of persuading the Court that he was substantially likely to prove that it is unconstitutional and ultimately prevail in the omnibus litigation. *Id*.

This precedent was established *before* Dennis B. McGuire was executed. Thus Plaintiff has not plead, and cannot prove, that the statutory or constitutional question presented in this case was placed "beyond debate", *see, Ashcroft*, 131 S.Ct. at 2083, before the allegedly unconstitutional conduct occurred. That is, it was far from "clearly established" that Dennis B. McGuire's Eighth Amendment rights would be violated by application of the execution protocol. Under such circumstances the State Defendants are entitled to qualified immunity.

**B.     Qualified immunity protects the State Defendants from the burdensome discovery necessitated by this case.**

While for purposes of this motion the inquiry could end here, *see English,* 23 F.3d at1086, it is worth noting the discovery burdens that will be imposed upon the State Defendants absent a stay. As set forth in the *Amended Complaint,* the Plaintiffs' claims rest heavily on the testimony and opinions of Dr. David Waisel (*see*, *e.g.,* Am. Compl., Doc. 28, ¶¶ 51-60) and the competing opinions and testimony of Dr. Mark Dershwitz (*Id*., ¶¶ 40-50). Should discovery proceed, the State Defendants will have to incur costs to depose Dr. Waisel and Dr. Dershwitz

(who lives in Massachusetts, *see* Am. Compl.*,* Doc. 28, *caption*) and will likely have to pay both for their time.

To complicate matters further, Plaintiffs have now *sued* the State's expert witness. Should discovery proceed, the State Defendants will need to retain at least one *additional* expert who can review the evidence from this case, as well as from the omnibus litigation, write a report and sit for depositions. Whether the Plaintiffs' unprecedented maneuver will frustrate or delay the State's efforts to find an expert remains to be seen. But one thing is clear: discovery in this case will be extensive and expensive.

It is well-settled that "a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation." *Kennedy v. City of Cleveland,* 797 F.2d 297, 299 (6th Cir. 1986). Qualified immunity, once established, protects the holder "from the onerous burdens of defense". *Id.* at 298. This necessarily includes *all* discovery burdens, whether it is expert discovery, interrogatories, requests for admissions, or requests for production. *See Rother v. President and Bd. of Trustees of Ohio Univ.,* No. 2:08–cv–1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009). This protection would be for naught if the State Defendants were required to expend considerable time and money on discovery now, only for this (or any) Court to later determine that they are immune and that the discovery was entirely unnecessary.

Such would be the case if the Court allowed for *any* discovery to proceed against *any* Defendant in this case. If discovery (even paper discovery) is permitted against the "Pharmaceutical Defendants" (Am. Compl. ¶ 18), but stayed against the State Defendants, the State Defendants will still have to participate. They could be deposed or be required to respond to discovery subpoenas. Out of an abundance of caution, their counsel would be required to attend or participate in depositions or risk playing catch up and re-deposing witnesses should a

stay ultimately be lifted. The State Defendants can only be fully relieved of such burdens—as qualified immunity guarantees they will be—if discovery in this case is stayed for all parties. Importantly, the State Defendants are not asking that discovery in this case be prohibited. Instead, they are asking that this Court follow well-settled precedent and stay discovery pending the outcome of the issue of qualified immunity.

## III. CONCLUSION

For the foregoing reasons the State Defendants respectfully request that discovery in this matter be stayed until the issue of qualified immunity is resolved.

Respectfully submitted,
MICHAEL DeWINE
Ohio Attorney General

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
SARAH E. PIERCE (0087799)
TIFFANY L. CARWILE (0082522)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad St., 16th Floor
Columbus, Ohio 43215
Phone: 614-466-7014 Fax: 614-752-6063
bridget.coontz@ohioattorneygeneral.gov
sarah.pierce@ohioattorneygeneral.gov
tiffany.carwile@ohioattorneygeneral.gov

*Counsel for State Defendants*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was submitted with the Clerk of the Court for the U.S. District Court for the Southern District of Ohio using the CM/ECF system on January 14, 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

*/s/ Bridget C. Coontz*
BRIDGET C. COONTZ (0072919)
Assistant Attorney General